**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7157**

JIMMY RAY WEATHERHOLT, JR.,

             Plaintiff – Appellant,

        v.

OFFICER BRADLEY,

             Defendant – Appellee,

        and

SERGEANT HARVEY,

             Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (2:08-cv-00054-JBF-JEB)

Submitted:  January 30, 2009         Decided:  March 13, 2009

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion. Judge
Wilkinson wrote a dissenting statement.

Jimmy Ray Weatherholt, Jr., Appellant Pro Se.  Richard Carson
Vorhis, Senior Assistant Attorney General, Richmond, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Ray Weatherholt, Jr., a Virginia prisoner at the Greensville Correctional Center, appeals the district court's order dismissing his pro se 42 U.S.C. § 1983 (2006) complaint against Sergeant Harvey, and the order granting summary judgment in favor of Officer Bradley and denying his renewed motion for appointment of counsel. Because the district court erred in both instances, we vacate the orders and remand the case for further proceedings consistent with this opinion.

I. Dismissal of Claim Against Sergeant Harvey

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). See Sec'y of State for Defense v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). A plaintiff's statement of his claim "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1965, 1974 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations

2

contained in the complaint." Erickson, 127 S. Ct. at 2200 (citations omitted). In particular, a pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Id. (citation omitted).

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted). To establish a claim for failure to protect from violence, an inmate must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," id. at 834, and (2) that the prison officials had a "sufficiently culpable state of mind." Id. (internal citations and quotations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. (internal citations omitted). To be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842. "While the obviousness of a risk is not conclusive and a prison official

3

may show that the obvious escaped him, . . . he would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." Id. at 843 n.8. A prison official also may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Id. at 843. A plaintiff's failure to personally notify prison officials of an alleged risk to his safety is not dispositive as to the issue of whether prison officials knew of the risk. Id. at 848-49. A showing of mere negligence does not qualify as deliberate indifference. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). The plaintiff must also show he suffered a serious or significant physical or mental injury as a result of the defendants' conduct. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993).

Weatherholt claims that he suffered serious injuries at the hands of other inmates because Harvey directed that he identify inmates who allegedly robbed him in person, rather than through a photo identification process. Although Weatherholt does not explicitly allege that Harvey knew of, and disregarded,

4

the risk to his safety, his pro se pleading must be liberally construed and is sufficient to give notice of a plausible claim to relief under the Eighth Amendment. Weatherholt attached the response to an administrative grievance that he filed with prison officials concerning this incident, which indicates that Harvey did not follow proper procedure and that "appropriate action" was taken against her as a result. The resolution of Weatherholt's grievance in his favor is not conclusive evidence that Harvey acted with deliberate indifference, but it constitutes some evidence that Harvey may have disregarded an obvious, general risk to inmate safety by failing to follow proper procedure in ordering Weatherholt to make his identifications in person. The attachment of the grievance resolution to the complaint also constitutes further notice of a plausible claim that Harvey was deliberately indifferent to a serious risk to Weatherholt's safety. Accordingly, we vacate the order dismissing Weatherholt's claim against Harvey.

II. Summary Judgment in Favor of Officer Bradley

We review a district court's order granting summary judgment de novo, viewing the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. Doe v. Kidd, 501 F.3d 348, 354 (4th Cir. 2007), cert. denied, 128 S. Ct. 1483 (2008). Summary judgment "should be rendered if

5

the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); see Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 246-47 (4th Cir. 2005).

We conclude the district court accorded insufficient weight to the administrative finding that proper procedures called for Weatherholt to be asked to identify inmates involved in the theft from him by looking at photos. While it is correct, as noted by the court, that "failure to follow prison rules or regulations does not, without more, give rise to a constitutional violation," Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996), it does not appear that the court adequately considered the rationale for the prison policy in question. Presumably, the administrative rule violated in this case was adopted out of recognition that in-person identification of inmates involved in an incident inherently creates a risk of retaliation. Accordingly, while we do not hold that Bradley's failure to follow proper procedures conclusively establishes her deliberate indifference to a substantial risk of serious injury,

we believe that resolution of the claim on the present record was simply premature.

We make this finding recognizing that Bradley, in her affidavit attached to her motion for summary judgment, explains that she was not aware of any risk to Weatherholt's safety before taking him to identify the perpetrators he alleged forcibly entered his cell, held him against his will, and robbed him of his belongings. But Bradley's asserted lack of awareness of any risk of harm to Weatherholt from an in-person identification of the inmates involved in the incident is not dispositive. Given the violent nature of the incident Weatherholt described, the present record could permit a factfinder to rationally conclude that Bradley ignored an obvious risk of significant harm to Weatherholt of which a reasonable prison official would have been aware. Summary judgment in favor of Bradley, at least at this stage of the proceedings, was accordingly inappropriate.

For the reasons stated, we vacate the district court's judgment and remand for further proceedings. While Weatherholt's motion for appointment of counsel on appeal is denied, we leave the question of appointment of counsel on remand to the sound discretion of the district court. We dispense with oral argument because the facts and legal

7

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Judge Wilkinson dissents and would affirm the judgment for the reasons given by the district court. See Weatherholt v. Harvey, No. 2:08-cv-54, slip op. at 4-5 (E.D. Va. April 11, 2008); Weatherholt v. Bradley, No. 2:08-cv-54, slip op. at 8-9 (E.D. Va. June 20, 2008).

VACATED AND REMANDED